IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NASEER ALI-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-848-GBW |
| ) | |
| BPG REAL ESTATE ) | |
| SERVICES, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Naseer Ali-Bey, Newark, Delaware – *Pro se* Plaintiff

Kara A. Hager and Marc Sposato, GORDON REES SCULLY MANSUKHANI, Wilmington, Delaware – Counsel for Defendants BPG Real Estate Services, LLC, Edouard Cuilhe, and Press Apartments Leasing Office

**MEMORANDUM OPINION**

December 3, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

**I.      INTRODUCTION**

On July 9, 2025, Plaintiff Naseer Ali-Bey, of Newark, Delaware, initiated this civil action by moving for leave to proceed *in forma pauperis* and filing a complaint *pro se*. (*See* D.I. 1; D.I. 2.) Now pending before this Court is a motion to dismiss the complaint filed by Defendants. (D.I. 15.) Also pending is a motion for expedited ruling and relief filed by Plaintiff. (D.I. 10.)

**II.     BACKGROUND**

According to the complaint, on June 11, 2025, Plaintiff submitted a lease application to Defendants, along with a "tendered valid payment as a negotiable instrument." (D.I. 2 at 2.) Defendants "refused to accept or return the instrument," and "proceeded to offer housing to others while ignoring Plaintiff's application and payment." (*Id.*) Plaintiff believes that these acts and omissions by Defendants violated the Uniform Commercial Code and constituted "disparate treatment based on race, national origin, or perceived income." (*Id.*)

Plaintiff then "issued formal Notice of Tender, Notice of Default, and Final Demand," which Defendants ignored. (*Id.*) Plaintiff believes this amounted to "breach of fiduciary duty, commercial fraud by omission, and civil rights violations." (*Id.*)

1

Based on the foregoing, Plaintiff asserts six causes of action, including state and federal claims, and seeks relief to include $75,000 and execution of a lease agreement. (*Id.*) The complaint includes no other factual allegations in support of the causes of action asserted.

### III. DISCUSSION

Plaintiff's *pro se* pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal

theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

Courts faced with a motion to dismiss pursuant to Rule 12(b)(6) must generally limit their consideration to "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Upon review, this Court finds that the complaint fails to state a claim upon which this Court may grant relief, warranting dismissal under Rule 12(b)(6). The causes of action asserted in the complaint are deficiently pled. The complaint merely states that Plaintiff submitted a lease application, but Defendants selected a different lessee. (*See* D.I. 2.) Without additional facts, this does not suggest any federal civil violation. As such, Plaintiff's federal claims are improperly alleged, and this Court is "not required to credit bald assertions or legal conclusions improperly alleged in

3

the complaint." *Rockefeller Ctr. Props.*, 311 F.3d at 216. Without a sufficiently pled federal claim, this Court cannot exercise supplemental jurisdiction over the additional state claims asserted.

## IV.  CONCLUSION

For the above reasons, Defendants' motion to dismiss is granted. (D.I. 15.) The complaint will be dismissed without prejudice, and Plaintiff will be granted one opportunity to amend his pleading and cure the complaint's deficiencies. (D.I. 2.) Plaintiff's emergency motion for expedited ruling and immediate housing relief is denied as premature and for lack of cause shown. (D.I. 10.)

An appropriate Order will be entered.