**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NASEER ALI-BEY<br><br>Plaintiff,<br><br>v.<br><br>BPG REAL ESTATE SERVICES, LLC, EDOUARD CUILHE, AND THE PRESS APARTMENTS LEASING OFFICE<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: 1:25-00848-GBW-SRF |

## REPORT AND RECOMMENDATION

The Plaintiff, Naseer Ali-Bey ("Plaintiff"), brought this civil action *pro se* and was granted *in forma pauperis* status. (D.I. 2; D.I. 13) In his First Amended Complaint, Plaintiff alleges violations of the Fair Housing Act, 42 U.S.C. §§ 3604(a)-(c), and Equal Rights Under the Law, 42 U.S.C. § 1981. Pending before the court is a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) filed by Defendants BPG Real Estate Services, LLC, Edouard Cuilhe, and The Press Apartments Leasing Office ("Defendants"). (D.I. 32)[1] and an Emergency Motion for Injunctive Relief and a Protective Order filed by Plaintiff under Federal Rule of Civil Procedure 65.[2] (D.I. 29) For the following reasons, I recommend that the court **GRANT** Defendants' Motion to Dismiss with prejudice and **DISMISS** Plaintiff's Emergency Motion for Injunctive Relief and a Protective Order as moot.

---

[1] The briefing associated with Defendants' Motion to Dismiss is found at D.I. 33, D.I. 34, D.I. 35.

[2] The briefing associated with Plaintiff's Emergency Motion for Injunctive Relief and a Protective Order is found at D.I. 29, D.I. 30.

## I. BACKGROUND

The instant suit arises from Defendants' alleged failure to accept an apartment lease application submitted by Plaintiff. (D.I. 31 at 2) Plaintiff alleges that he submitted the application on or about June 10, 2025, along with "the required application materials and tender." (*Id.*) Plaintiff claims that Defendants contacted him by telephone about his application, but he requested that all further communication between the parties be in writing. (*Id.*) Thereafter, Plaintiff had no communication at all from Defendants. (*Id.*) He claims they "failed and refused to approve Plaintiff's application, enter a lease with Plaintiff, or provide Plaintiff possession of Unit #207D, or any comparable vacant unit." (*Id.*)

Plaintiff filed this suit on July 9, 2025, claiming violation of the Uniform Commercial Code by "disparate treatment", and asserting other claims for "breach of fiduciary duty, commercial fraud by omission, and civil rights violations." (D.I. 2 at 2-3) On December 3, 2025, the court granted the Defendants' motion under Fed. R. Civ. P. 12(b)(6) and dismissed the case without prejudice. (D.I. 28) The court found no violation of federal law and ruled, "[t]he complaint merely states that Plaintiff submitted a lease application, but Defendants selected a different lessee. . . . As such, Plaintiff's federal claims are improperly alleged, and this Court is 'not required to credit bald assertions or legal conclusions improperly alleged in the complaint.'" (D.I. 27 at 3-4) (citation omitted) The court declined to exercise supplemental jurisdiction over any alleged state law claims. (*Id.* at 4) The court granted Plaintiff "one opportunity to amend" to "cure the complaint's deficiencies." (*Id.*) The court also denied the Plaintiff's "emergency motion for expedited ruling and immediate housing relief" on the basis that it was premature and "for lack of cause shown." (*Id.*)

On December 4, 2025, following the court's dismissal of his case, Plaintiff filed the Emergency Motion for Injunction [*sic*] Relief and a Protective Order. (D.I. 29) Plaintiff filed his First Amended Complaint ("FAC") on January 5, 2026. (D.I. 31)

According to the FAC, Plaintiff identifies as a member of the MUUR nationality, religious, and cultural community. (D.I. 31 at 2) Plaintiff alleges that "Defendants knew, or reasonably perceived Plaintiff's religious, racial, and/or national-origin identity based on Plaintiff's name and housing application materials." (*Id.*) Plaintiff further alleges that Defendants' refusal to communicate with him about his housing application was motivated by Plaintiff's "actual or perceived religion, race, or national origin." (*Id.*) Plaintiff believes that these acts or omissions of the Defendants violate the Fair Housing Act, 42 U.S.C. §§ 3604(a)-(c), and Equal Rights Under the Law, 42 U.S.C. § 1981. (*Id.* at 3)

On January 20, 2026, Defendants filed their motion to dismiss the FAC, and it is fully briefed. (D.I. 32) On March 13, 2026, the case was referred to the undersigned Magistrate Judge to hear and resolve all pretrial matters, up to and including the resolution of case-dispositive motions, subject to 28 U.S.C. § 636(b). (D.I. 37)

## II. LEGAL STANDARD

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a

complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). A plaintiff must plead facts sufficient to show that a claim has "substantive plausibility." *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 786-87.

The court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

## III. DISCUSSION

### A. Fair Housing Act Claim

Plaintiff asserts claims under the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604(a)-(c). "A violation of the Fair Housing Act under § 3604(a) may be established by showing that the challenged actions were either (i) motivated by intentional discrimination or (ii) resulted in a discriminatory effect, even absent evidence of a discriminatory motive." *Corwin v. B'Nai B'Rith Senior Citizen Hous., Inc.*, 489 F. Supp. 2d 405, 409 (D. Del. 2007) (*citing Doe v. City of Butler,* 892 F.2d 315, 323 (3d Cir.1989); *Resident Advisory Bd. v. Rizzo,* 564 F.2d 126, 142 (3d Cir.1977)). "To establish a *prima facie* case predicated upon § 3604(b) Plaintiff[] must make a modest showing that a member of a statutorily protected class was not offered the same terms, conditions or privileges of rental of a dwelling or not provided the same services or facilities in connection therewith made available to others under circumstances giving rise to a reasonable inference of prohibited discrimination." *Corwin,* 489 F. Supp. 2d at 409 (*citing United States v. Balistrieri,* 981 F.2d 916, 929 (7th Cir.1992)). "Section 3604(c) provides that it is unlawful to 'make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on [race, color, religion, sex, handicap, familial status, or national origin] or an intention to make any such preference, limitation, or discrimination.' 42 U.S.C. § 3604(c). 'This prohibition extends to oral statements.'" *United States v. Aion Mgmt., LLC,* No. CV 23-742 (GBW), 2025 WL 843620, at *9 (D. Del. Mar. 18, 2025), *reconsideration denied,* No. CV 23-742 (GBW), 2025 WL 1770791 (D. Del. June 26, 2025) (quoting *Glagola v. MacFann*, 701 F.Supp.3d 274, 282 (W.D. Pa. 2023)). To establish a violation of Section 3604(c), "a plaintiff must show that (1) the defendant made a statement; (2) the statement was made with

respect to the sale or rental of a dwelling; and (3) the statement indicated a preference, limitation or discrimination based on [race, religion, or national origin]." *Id.* (citing 42 U.S.C. § 3604(c)).

Plaintiff pleads that he is a member of a protected class since he "sincerely identifies as a member of the MUUR nationality, religious and cultural community," and that Defendants "knew or reasonably perceived" his "legal name is distinctively associated with the MUUR[] Nationality." (D.I. 31 at 2) Numerous courts have held that "Moorish Americans" or variations thereof are not a federally recognized group to which the national origins provision of Title VII applies." *Bey v. FCA US LLC,* No. 19-10521, 2019 WL 5849367, at *3 (E.D. Mich. Oct. 15, 2019), *report and recommendation adopted,* No. 19-CV-10521, 2019 WL 5842962 (E.D. Mich. Nov. 7, 2019) (citing *Bey v. Oakton Cmty. Coll.*, 2015 WL 5732031, at *4 (N.D. Ill. 2015) ("As a threshold matter, the plaintiffs have failed to plausibly allege that 'Aboriginal–Indigenous Native American/Moor,' or any of the other variations the plaintiffs use to describe their claimed national origin, is a protected class under Title VII or any applicable civil rights statute"; *Tum-Re v. Keel*, 2016 WL 2990944, at *1–2 (N.D. Ohio 2016)(citing *Oakton Cmty. Coll.* (rejects national origins claim where Plaintiff's "national origin discrimination claim is premised on his self-proclaimed membership and affiliation with non-nationally recognized tribal groups"); *Boyd v. United States*, 2016 WL 8291222, at *3–4 (S.D. Ohio 2016) (self-described aboriginal indigenous Native American Moor individuals do not credibly allege a protected national origin).

Plaintiff submitted a rental application on or about June 10, 2025. (*Id.* at 2) Defendants had not denied Plaintiff's application when Plaintiff sent a notice of intent to sue on June 25, 2025. (*Id.*, D.I. 4-3 at 1) Plaintiff's rental application does not disclose Plaintiff's race, color, religion, sex, familial status, or national origin, as enumerated within 42 U.S.C. § 3604(b). (D.I. 4-4) Plaintiff makes a conclusory allegation that "Defendants refused to rent, refused to negotiate for

the rental of housing, or otherwise made housing unavailable to Plaintiff because of Plaintiff's religion, race, and/or national origin, or perception thereof, in violation of 42 U.S.C. [§]§ 3604(a)-(c). Defendants' reliance on Plaintiff's method of payment and Defendants' refusal to communicate with Plaintiff in writing or provide Plaintiff a fair opportunity to complete the rental process, while approving other applicants, constitutes unlawful discrimination ... [and] Defendants treated Plaintiff less favorably than similarly situated housing applicants." (D.I. 31 at 3)

In summary, the FAC does not contain facts under which Plaintiff can plausibly state a claim for an FHA violation because he cannot show he is a member of any federally protected class. On that basis alone, dismissal is recommended.

Furthermore, the FAC does not allege any facts that support Plaintiff's rental application was denied due to discrimination or resulted in a discriminatory effect. *See* 42 U.S.C. §3604(a). In addition, the FAC does not identify any term, condition, or privilege of rental that was afforded to other applicants but denied to Plaintiff, "giving rise to a reasonable inference of prohibited discrimination." *Corwin,* 489 F. Supp. 2d at 409; 42 U.S.C. § 3604(b). Plaintiff claims that while his rental application remained pending without a response from Defendants, the Defendants leased the apartment to another applicant. (D.I. 31 at 2) Absent any other facts, this allegation fails to support an inference of discrimination. Finally, the FAC contains no allegations whatsoever relating to an alleged violation of 42 U.S.C. § 3604(c), as no "notice, statement, or advertisement" was "print[ed], or publish[ed]" that "indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3604(c); *See generally*, D.I. 31. Plaintiff pleads the opposite in the FAC, alleging that Defendants were non-responsive. (D.I. 31 at 2) Thus, Plaintiff cannot point

to any statement by Defendants that would give rise to a violation of Section 3604(c). Accordingly, the court recommends that the FAC contains only bald assertions without sufficient factual allegations to state a claim for discrimination under the FHA. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (holding the court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint.")

**B. Equal Rights Under the Law**

To establish a claim under 42 U.S.C. § 1981, Plaintiff must show: "(1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981."[3] *Est. of Oliva v. N.J., Dep't of Law & Pub. Safety, Div. of State Police,* 604 F.3d 788, 797 (3d Cir. 2010) (quoting *Pryor v. Nat'l Collegiate Athletic Ass'n,* 288 F.3d 548, 569 (3d Cir. 2002)).

Plaintiff claims he was discriminated against due to Defendants' failure to negotiate an apartment lease with him. (D.I. 31 at 3) Plaintiff's conclusory allegation that he was denied equal rights under the law fails to sufficiently plead a claim for relief. The FAC contains only conclusory allegations of discrimination based on race and no allegations that Plaintiff "belongs to a racial minority." Plaintiff fails to allege any facts to show that his rental application was not approved due to his race. *See generally*, D.I. 31. Plaintiff alleges that "Plaintiff believes and alleges that Defendants' refusal to communicate with him … was pretextual … and motivated at least in part, by Plaintiff's actual or perceived religion, race, or national origin." (D.I. 31 at 2) Plaintiff's allegation that his name is "distinctly associated with the MUURS [n]ationality"

---

[3] Section 1981(a) provides, in relevant part, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens[.]"

without more invites speculative inferences which fall short of stating a plausible claim for relief. (*Id.* at 1) The FAC does not contain facts from which racial discrimination can be inferred based on Defendants' failure to negotiate an apartment lease with him. Nor does the FAC contain facts concerning what race or religion Plaintiff claims as the basis for any claim of discrimination by Defendants.

Plaintiff relies solely on legal conclusions to allege discrimination with respect to his apartment rental application and the lease of the unit to someone else. The District Judge advised Plaintiff, "without additional facts, [the complaint] does not suggest any federal civil violation" and granted Plaintiff "one opportunity to amend his pleading and cure the complaint's deficiencies." (D.I. 27 at 3-4) Plaintiff's FAC failed to correct the deficiencies in his pleading. It would be futile to provide Plaintiff a third opportunity to recast a federal cause of action arising from his submission of an application for a rental unit Defendants leased to another applicant. *See generally Foman v. Davis,* 371 U.S. 178, 182 (1962) (holding a court may curtail or deny request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment."); *see also In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (stating an amendment is futile if it "would fail to state a claim upon which relief could be granted.")

**C. Emergency Motion for Injunctive Relief and a Protective Order**

Plaintiff requests an "immediate injunction prohibiting Defendants from leasing, transferring, altering, or otherwise affecting Unit #207D during this litigation, [a] judicial declaration that any lease executed after the filing of this action be subject to Plaintiff's pending claims, [and an]

order requiring Defendants to preserve the unit until the Court issues a final ruling."[4] (D.I. 29 at 5)

Because the court recommends dismissal of Plaintiff's claims, the court recommends denying Plaintiff's Motion for Injunctive Relief and a Protective Order as moot. (D.I. 29)

## IV. CONCLUSION

Accordingly, I recommend that the court issue an Order in the form set forth below:

## ORDER

At Wilmington this __th day of _____, 2026, IT IS ORDERED that:

1. The Report and Recommendation issued on September __, 2026, is **ADOPTED.**

2. Defendants' Motion to Dismiss the First Amended Complaint (D.I. 31) under Fed. R. Civ. P. 12(b)(6) is **GRANTED** with prejudice. (D.I. 32)

3. Plaintiff's emergency motion for injunctive relief and a protective order is **DENIED** as moot. (D.I. 29)

4. The Clerk of Court is directed to **CLOSE** the case.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district

---

[4] A preliminary injunction is "an extraordinary remedy that should be granted only if (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit–Mar Enterprises, Inc.*, 176 F.3d 151, 153(3d Cir.1999) ("*NutraSweet II*"). *Riley v. Taylor*, Civ. Action No. 06–001–GMS, 2009 WL 4639602, at *4 (D. Del. Dec. 8, 2009).

court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: September 8, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE